# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRANK EARL MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV-12-398-M |
| | ) | |
| JUSTIN JONES, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Frank Earl Martinez, a state prisoner appearing *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, and a Brief in Support of Application for Habeas Corpus, ECF No. 2 (Petitioner's Brief) challenging the constitutionality of his state court conviction. Respondent has filed a Response to Petition for Writ of Habeas Corpus, ECF No. 13 (Response), and Petitioner has replied, ECF No. 17. For the reasons set forth below, it is recommended that the Petition be **DENIED**.

## I. Relevant Case History

On June 9, 2009, Petitioner was convicted after a jury trial in the District Court of Stephens County, State of Oklahoma, Case No. CF-2008-18, of Unlawful Distribution of a Controlled Dangerous Substance within 2000 Feet of a Public Park, after Former Conviction of a Felony, in violation of Okla. Stat. tit. 63, §2-401(F)

(Count 1) and Trafficking in Illegal Drugs (Cocaine) in violation of Okla. Stat. tit. 63, §2-415 (Count 2). Petitioner was sentenced to twenty years imprisonment on Count 1 and fifteen years imprisonment and a $25,000 fine on Count 2. The judge ordered the sentences to be served consecutively (Respondent's Brief, Ex. 3 (Summary Opinion) at 1).

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA) raising fourteen issues. The OCCA affirmed Petitioner's conviction and sentence on May 13, 2011 (*Id.* at 13).

Plaintiff then timely filed this habeas action on April 11, 2012, raising two of the fourteen issues presented to the OCCA: (1) whether the evidence presented at trial was sufficient to support Petitioner's conviction of distributing drugs within 2000 feet of a park; and (2) whether the evidence was sufficient to support his conviction of trafficking in illegal drugs in that the State failed to prove the element of dominion and control over drugs seized upon execution of the warrant for Petitioner's arrest.

## II. The Evidence Presented during the Trial

The following summary of the evidence is based on the two-volume transcript (TR Vol. __ at __) of the trial. Justin Scott, an investigator for the District Attorney's Office for the 6th District, testified that on December 18, 2007, he supervised a controlled purchase of crack cocaine from Petitioner (TR Vol. I at 134, 159). Mr. Scott testified that he used an informant, Titus Vinson, to make the controlled purchase of drugs. After having been wired with an audio and video recorder and

provided money, Titus Vinson and his girlfriend drove to Petitioner's residence and Mr. Vinson asked to purchase $150 worth of crack cocaine from Petitioner. Mr. Vinson testified that Petitioner agreed to the sale and arranged to meet Mr. Vinson fifteen minutes later at an area in Duncan, Oklahoma, known as "The Land" (TR Vol. I at 158-159, 162-164, 174; TR Vol. II at 269-272, 288). Shortly thereafter, Mr. Vinson met the Petitioner at "The Land" and purchased $150 worth of crack cocaine from Petitioner (TR Vol. I at 164-165, 174, 180-181, 183; TR Vol. II at 273-274, 280, 365-367). Both meetings were recorded on video with sound, and the video evidence was played for the jury (TR Vol. I at 178).

Kathy Hokit, the Stephens County Assessor, testified that both Petitioner's residence and "The Land" are located within 2000 feet of a public park in Duncan (TR Vol. II at 354-355).

Based on Petitioner's sale of crack cocaine to Mr. Vinson, a warrant for Petitioner's arrest was issued. The arrest warrant was executed at Petitioner's residence on January 11, 2008, by Jimmie Richey, a former Duncan police officer then working for the District Attorney's Council (TR Vol. I at 189-190; Vol. II at 315-317). Two adults and two juveniles were present at the time of the arrest. Petitioner and a woman were found in bed in the master bedroom. Both gave consent to the officers to search the residence (TR Vol. II at 318-320, 336, 342-343).

During the search, officers found more than 7 grams of crack cocaine as well as $1900 in a dresser drawer in the master bedroom (TR Vol. I at 190-193, 197-198;

TR Vol. II at 320-322, 324, 328, 339-340, 369-371). The officers also found a plate with powdery residue, two razor blades and a set of scales on top of the dresser (TR Vol. I at 193-195; TR Vol. II at 320, 324, 326-327, 331-332).

### III. Standard of Review

The two propositions of error raised by Petitioner are properly exhausted and subject to review under the standards set forth in the Anti-terrorism and Effective Death Penalty act of 1996 (AEDPA). Under AEDPA, this Court may grant a petitioner habeas relief only if the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1)-(2). Under this standard, judicial review is directed to the result of the state appellate court's decision, not its reasoning. *See Gipson v. Jordan*, 376 F.3d 1193, 1197 (10th Cir. 2004)("[W]e defer to the [state court's] decision unless we conclude that its result--not its rationale--is 'legally or factually unreasonable'").

Whether the law is clearly established is a threshold inquiry. *See House v. Hatch*, 527 F.3d 1010, 1017-1018 (10th Cir. 2008). The absence of clearly established federal law is dispositive of the §2254(d)(1) analysis. *Id.* at 1017. Thus, only if the court determines that the law is clearly established does it proceed to determine

4

whether the state court decision is either contrary to or an unreasonable application of that law. *Id.* at 1018.

A state court's determination is contrary to clearly established federal law if it applies a rule that contradicts the law set forth in Supreme Court cases or confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but arrives at a different result. *Williams v. Taylor*, 529 U. S. 362, 405-406 (2000). "A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme Court.]" *Thaler v. Haynes*, 531 U.S. 43, 47 (2010).

A state court's determination involves an unreasonable application of clearly established federal law if it identifies the correct governing legal principle from Supreme Court decisions, but unreasonably applies that principle to the facts in the petitioner's case. *Williams*, 529 U.S. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 411.

The standard a state court must apply when reviewing a claim challenging the sufficiency of the evidence is clearly established in *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). "[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be . . . to determine whether the record evidence

5

could reasonably support a finding of guilt beyond a reasonable doubt." But it is not necessary for this court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* at 319 (internal quotation and citation omitted). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* The *Jackson* standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* If a defendant is found guilty of the crime charged, the jury's role as factfinder and weigher of the evidence is preserved "through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution." *Id.*

Under AEDPA, the Court must decide whether the OCCA's finding that there was sufficient evidence to support a jury's guilty verdict was contrary to or an unreasonable application of *Jackson*. *See* 28 U.S.C. § 2254(d)(1); *Spears v. Mullin*, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

### III. Analysis

#### A. Distribution of Cocaine within 2000 Feet of a Public Park

Petitioner contends that the evidence adduced at trial was insufficient to support his conviction of distributing cocaine within 2000 feet of a park (Petitioner's Brief at 2-10). Under Oklahoma law, the elements of distributing a controlled

6

dangerous substance within 2000 feet of a park are: (1) knowingly or intentionally; (2) distributing; (3) a controlled dangerous substance of cocaine base; (4) to a person within 2000 feet of a public park. Okla. Stat. tit. 63, §2-401 (F).

In support of this ground for relief, Petitioner attacks the credibility of the State's primary witness, Titus Vinson. Petitioner notes that Mr. Vinson is, himself, a convicted felon and that he had been arrested for uttering a forged instrument. Petitioner also insinuates that Mr. Vinson may have cooperated with law enforcement in order to receive favorable treatment in his criminal case (Petitioner's Brief at 5). But the jury was aware of Mr. Vinson's criminal record (TR Vol. II at 264-267).

In reviewing this assignment of error on direct appeal, the OCCA stated:

> Taken in the light most favorable to the state, the evidence was sufficient for a rational trier of fact to find the essential elements of the crime of distributing cocaine base within 2000 feet of a public park beyond a reasonable doubt. *Jackson*, 443 U.S. at 324; *Johnson v, State*, 93 P.3d 44-45; *Spuehler*, 709 P.2d at 203-204. The believability of the testimony of the witness who explained the circumstances of the drug transaction with Martinez was a question for the jury, not this Court. To the extent, therefore, that the jury found the testimony credible, the evidence was sufficient to support a finding of guilt.

(Respondent's Brief, Ex. 3 at 8).

With the proper AEDPA standards in mind, this Court has reviewed the entire record. Based on that review, the Court finds that the OCCA's well-reasoned and amply supported determination of this issue is not contrary to or an unreasonable application of *Jackson*, nor does it involve an unreasonable determination of the facts in light of the evidence presented. The record evidence, viewed in the light most

7

favorable to prosecution, reasonably supports a finding of each element of the crime charged in Count I, beyond a reasonable doubt. Ground One of the Petition, therefore, should be denied.

### B. Sufficiency of the Evidence of Trafficking

Petitioner also challenges the sufficiency of the evidence supporting his conviction for trafficking. Specifically, Petitioner contends that the State failed to prove beyond a reasonable doubt that the drugs seized at the time of his arrest belonged to him rather than to the woman who was present in the residence at the time of his arrest. Petitioner contends that the State did not meet its burden of proving constructive possession of the drugs.

Under Oklahoma law, when two people occupy a space where drugs are found, possession of those drugs cannot automatically be presumed. *White v. State*, 900 P.2d 982, 986 (Okla. Crim. App. 1995). "However, joint possession can be proven by circumstantial evidence of dominion and control over the thing processed." *Id.* In this case, Petitioner had been observed at the residence on numerous recent occasions, was found sleeping in the master bedroom, kept his clothes in the master bedroom and gave consent to search the premises (TR Vol. I at 158; Vol. II at 320-322, 324-328, 331-334, 339-340).

The OCCA reviewed the evidence adduced at Petitioner's trial, applied the *Jackson* standard, and concluded that the State's evidence was sufficient for the jury to find that Petitioner had dominion and control over the drugs:

8

> The evidence supports a rational inference that the place where the controlled dangerous substances were found was Martinez's residence and that he exercised dominion and control over those drugs. *White v. State*, 900 P.2d 982, 986. When viewed in the light most favorable to the State, the evidence was sufficient for a rational trier of fact to have found the essential elements of the crime of trafficking in crack cocaine (Count 2) beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Johnson v. State*, 93 P.3d 41, 44-45; *Spuehler v. State*, 709 P.2d 202, 203-204

(Respondent's Brief, Ex. 3 at 4).

Application of AEDPA's standard of review to the OCCA's disposition of Petitioner's second ground for relief requires this Court to deny habeas relief. Because the OCCA correctly identified and reasonably applied the *Jackson* standard in reviewing both of Petitioner's grounds for relief, it is recommended that the Petition for Writ of Habeas Corpus be denied.

## RECOMMENDATION

It is recommended that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, be **DENIED.**

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **September 9, 2013**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation

waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on August 23, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE